IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRUMEL DOUGLAS FREEMAN,** **#42718,** | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 14-cv-00831-JPG |
| **MADISON COUNTY JAIL,** | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff brings this action against Madison County Jail ("Jail") pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). According to the complaint, Plaintiff sustained an open head wound and a concussion, when he slipped and fell on a cell floor that had been mopped by his cellmate. Plaintiff now seeks "compensation and[/]or [a] time reduction" (Doc. 1, p. 6). For the reasons set forth below, Plaintiff's complaint shall be **DISMISSED** with prejudice.

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  After fully considering the allegations in the complaint, the Court deems it appropriate to exercise its authority under § 1915A to summarily dismiss the complaint.

**The Complaint**

According to the complaint, Plaintiff was injured on July 3, 2014, when he slipped and fell on a wet cell floor (Doc. 1, p. 5).  While Plaintiff showered that day, his cellmate swept and mopped the floor of the cell.  When Plaintiff returned from the shower, he fell and hit his head against the steel bars of the cell.  Plaintiff lost consciousness.  He was "rushed to Anderson Hospital in Maryville, [Illinois,] where [he] received five staples in the top right side of [his]

head and suffered a concussion" (Doc. 1, p. 5). Plaintiff now sues the Jail for "compensation" and/or a "time reduction" (Doc. 1, p. 6).

**Discussion**

Plaintiff brings this *pro se* civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, and 42 U.S.C. § 1983 (Doc. 1). The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. Plaintiff has not brought this lawsuit against the United States or sued any federal officials. Therefore, all FTCA claims must be dismissed with prejudice.

Likewise, the complaint sets forth no claim against the Jail under 42 U.S.C. § 1983 ("§ 1983"). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Governmental entities, such as the Jail, cannot be held liable for the unconstitutional acts of employees, unless those acts are carried out pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The complaint does not allege that the Jail caused a constitutional deprivation, or participated in one. The complaint also contains no suggestion that the acts of Jail employees, official policies, or customs resulted in a constitutional deprivation. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); FED. R. CIV. P. 8(a)(2).

Instead, Plaintiff appears to claim that his cellmate's actions give rise to liability on the part of the Jail. This rationale is flawed for several reasons. First, Plaintiff's cellmate is not a state actor who is subject to suit under § 1983. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012)

(quoting 42 U.S.C. § 1983) ("Section 1983 creates a federal remedy against anyone who, **under color of state law**, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'") (emphasis added).  Second, a defendant can never be held liable under § 1983 for negligence, or even gross negligence; at most, the cellmate's actions amount to negligence, but this does not support a claim under § 1983.  *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).  Finally, the doctrine of *respondeat superior* does not apply to actions filed under § 1983; therefore, even if a Jail official--as opposed to a cellmate--deprived Plaintiff of a constitutional right, the Jail would not be responsible, unless the conduct resulted from a policy, custom, or practice attributable to the Jail.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Alternatively, Plaintiff's theory of liability may hinge on unconstitutional conditions of confinement or inadequate medical care.  These claims also fail.  Most notably, Plaintiff does not actually mention these claims or the underlying constitutional basis for them.  In the context of a pretrial detainee, both claims arise under the Due Process Clause of the Fourteenth Amendment.  *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)).  *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).  However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'"  *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

Both claims require Plaintiff to demonstrate that a Jail official acted with deliberate indifference.  The complaint does not mention the Fourteenth Amendment, Eighth Amendment,

deliberate indifference, or a Jail official.  It includes no allegations suggesting that an official disregarded constitutionally unacceptable conditions or ignored Plaintiff's need for medical care.  To the contrary, the complaint alleges that Jail officials aggressively pursued medical treatment for Plaintiff, after learning what happened to him, by "rush[ing Plaintiff] to Anderson Hospital in Maryville, [Illinois,] where [he] received five staples in the top right side of [his] head" (Doc. 1, p. 5).  The allegations simply do not support a deliberate indifference to serious medical needs claim or a conditions of confinement claim against the Jail or any of its officials.

It is simply not clear what Plaintiff is claiming.  The Court is not obligated to speculate, and it will not continue to do so.  What is clear is that Plaintiff's complaint fails to state a claim upon which relief may be granted.  Accordingly, the complaint shall be dismissed.  Moreover, the dismissal shall be with prejudice because the Court can conceive of no plausible claim that has been, or by virtue of an amendment, could be stated in this action.  *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (internal citation omitted) ("Leave to amend need not be granted . . . if it is clear that any amendment would be futile.").

**Disposition**

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **MADISON COUNTY JAIL** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's pending motion for recruitment of counsel (Doc. 3) is hereby **DENIED** as **MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1]  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED: August 15, 2014**

<u>s/ J. Phil Gilbert</u>
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).